UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON IFILL,

    Plaintiff,

v.                                       Case No: 2:18-cv-713-FtM-29CM

UNITED STATES SUGAR CORP.,
INTERNATIONAL ASSOCIATION
OF MACHINISTS AND
AEROSPACE WORKERS, T. J.
GRAHAM and MARK OSBORN,

    Defendants.

## ORDER

This matter comes before the Court upon review of the Joint Motion for Enlargement of Time to Meet to Prepare a Case Management Report and to Excuse In-Person Meeting Requirement filed on December 28, 2018. Doc. 29. Plaintiff Jason Ifill and Defendant United States Sugar Corporation ("U.S. Sugar") move for an extension of time to conduct their Case Management Conference ("CMC") and file their Case Management Report ("CMR"), and to conduct their CMC telephonically. *Id.* at 1. For the reasons stated below, the motion is granted in part.

Plaintiff filed a Complaint on October 26, 2018 against Defendants U.S. Sugar, International Association of Machinists and Aerospace Workers ("IAM"), T.J. Graham and Mark Osborn. Doc. 1. Plaintiff alleges race discrimination claims under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq.* and the Florida Civil Rights Act of 1992 ("FRCA"), Fla. Stat. § 760.10 *et seq.*, related to US

Sugar terminating his employment. *See* Doc. 1 ¶¶ 1-2, 4-6. U.S. Sugar filed a Notice of Appearance on November 30, 2018 and IAM appeared by filing a motion to dismiss the Complaint on December 27, 2018. Docs. 16, 17. Plaintiff states he attempted service on Graham and Osborn but was unsuccessful.[1] Doc. 29 at 2. Based on the service of the Complaint on U.S. Sugar on November 28, 2018, the parties had until December 28, 2018 to conduct their CMC. *See* Doc. 4 at 1-2.

Plaintiff and U.S. Sugar now request an extension of the CMC deadline and an extension of time to file their CMR. Doc. 29 at 1. The parties state that "Plaintiff's counsel is diligently working to locate a good address for each individual defendant to serve process" and request the Court extend the CMC deadline "until 30 days after the last individual defendant has been served." *Id.* at 2. IAM did not join in the motion, and the motion does not state whether IAM opposes the requested relief. Because the CMC deadline has passed, however, and the Court finds good cause to delay the issuance of a scheduling order, the Court finds good cause to extend the deadlines to conduct the CMC and file the CMR. *See* Fed. R. Civ. P. 16(b)(2). The Court is not inclined, however, to grant an indefinite extension based on the date of service of the individual defendants. Instead, the Court will extend the deadline to conduct the CMC to February 1, 2019 and the deadline to file the CMR to February 15, 2019. Further, for good cause shown, the parties may conduct the CMC telephonically.

---

[1] The Court notes the two Returns of Non-Service Plaintiff filed both relate to attempted service on Osborn; neither states that service was attempted on Graham. Docs. 23, 24.

ACCORDINGLY, it is

**ORDERED:**

The Joint Motion for Enlargement of Time to Meet to Prepare a Case Management Report and to Excuse In-Person Meeting Requirement (Doc. 29) is **GRANTED in part**. The parties shall have up to and including **February 1, 2019** to conduct their Case Management Conference and up to and including **February 15, 2019** to file their Case Management Report. The parties may conduct the Case Management Conference telephonically.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of January, 2019.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record