UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON IFILL,

    Plaintiff,

v.                                                      Case No: 2:18-cv-713-FtM-29UAM

UNITED STATES SUGAR CORP.,
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, T.J. GRAHAM and MARK
OSBORN,

    Defendants.

## **ORDER**

This matter comes before the Court upon review of Plaintiff Jason Ifill's Motion for Entry of Default. Doc. 38. Plaintiff requests a Clerk's Default be entered against Defendant T.J. Graham. *Id.* at 1. For the reasons stated below, the motion is granted.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).

Under Rule 4 of the Federal Rules of Civil Procedure, service upon an individual within a judicial district of the United States may be made by any means authorized under state law or by (1) delivering the summons and complaint to the individual personally; (2) leaving a copy of each

at the individual's usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or law to receive service. *See* Fed. R. Civ. P. 4(e). Under Florida law, service is properly effected by delivering a copy of the complaint and summons to any person residing at the individual's usual place of abode who is 15 years of age or older. Fla. Stat. § 48.031.

Here, the return of service states that on December 17, 2018, a process server substitute served Defendant Graham by leaving a copy of the summons and complaint with Defendant Graham's father, Terrance, at Defendant Graham's usual place of abode, 221 Sunnybrook Lane, Lake Placid, Florida. Doc. 34 at 1. The return states that Terrance is 70 years old. *Id.* Thus, service was properly effected under both Rule 4 and Florida law. Under Rule 12, a defendant must file an answer to the complaint within 21 days of service. Fed. R. Civ. P. 12(1)(A)(ii). To date, Defendant Graham has not filed an answer. Thus, the Court finds a Clerk's Default appropriate.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion for Entry of Default is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant T.J. Graham.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of February, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record