UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON IFILL,

    Plaintiff,

v.                                                             Case No:   2:18-cv-713-FtM-29UAM

UNITED STATES SUGAR CORP.,
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, T.J. GRAHAM and MARK
OSBORN,

    Defendants.

_____

## ORDER

This matter comes before the Court upon review of Defendant T.J. Graham's ("Graham") Unopposed Motion to Quash Service and Vacate Clerk's Default filed on February 6, 2019. Doc. 42. Plaintiff does not oppose the requested relief. *Id.* at 4. For the reasons stated below, the motion is granted.

On February 1, 2019, Plaintiff filed a Motion for Entry of Default requesting the entry of a Clerk's Default against Graham. Doc. 38. The Court granted the motion and directed the Clerk to enter a Clerk's Default against Graham, as the return of service stated that the process server substitute served Graham by serving a copy of the complaint and summons to Graham's father, Terrance, at Graham's usual place of abode. *See* Doc. 39 at 2; Doc. 34 at 1. The return of service states that Graham and his father are "co-residents" at the listed address and the listed address is Graham's "usual place of abode[.]" Doc. 34 at 1. Thus, service was proper under both Rule 4 of the Federal Rules of Civil Procedure and Florida law based on the return of service. *See* Doc. 39 at 2. The Clerk entered a Clerk's Default on February 5, 2019. Doc. 40.

On February 6, 2019, Graham filed the present motion, arguing that service was improper and should be quashed because Graham does not live at the address listed on the return of service, and thus he was not properly substitute served as service was not effected at his usual place of abode. Doc. 42 at 1-2. Graham states that the process server may have been confused or Graham's father may have been confused by the process server's questions at the time of service. *Id.* at 2. Further, Graham argues the Clerk's Default should be set aside as Graham has shown good cause due to the fact he was not properly served. *Id.* at 3-4.

"'[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.'" *Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623, at *1 (M.D. Fla. July 19, 2010) (quoting *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)). Further, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Here, Plaintiff does not attempt to establish the validity of process in response to Graham's challenge, and instead does not oppose the request to quash service. Doc. 42 at 4. Further, it appears there was some confusion as to whether Graham lived at the address listed on the return of service and substitute service was not proper. *See* Doc. 42 at 3-4. Thus, the Court finds that service should be quashed and will also set aside the Clerk's Default for good cause shown. Graham's motion states that Plaintiff's counsel and Graham's counsel agreed that Graham would accept service of the Complaint effective February 5, 2019, with a response to the Complaint due 21 days later. Accordingly, Graham shall respond to the Complaint on or before February 26, 2019.

ACCORDINGLY, it is

**ORDERED:**

Defendant T.J. Graham's Unopposed Motion to Quash Service and Vacate Clerk's Default (Doc. 42) is **GRANTED**. Service of process on Graham is **QUASHED** and the Clerk's Entry of Default (Doc. 40) entered on February 5, 2019 is **VACATED** and **SET ASIDE**. Defendant T.J. Graham shall have up to and including **February 26, 2019** to respond to the Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of February, 2019.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record