UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON IFILL,

    Plaintiff,

v.                             Case No: 2:18-cv-713-FtM-29CM

UNITED STATES SUGAR CORP.,
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, Local Lodge 57, T.
J. GRAHAM, individually, and
MARK OSBORN, individually,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Partial Motion to Dismiss (Doc. #26) filed on December 19, 2018. Plaintiff filed a Response and Cross Motion for Leave to Transfer (Doc. #31) on January 2, 2019, and defendant filed a Response to Plaintiff's Cross-Motion to Transfer (Doc. #36) on January 16, 2019. For the reasons set forth below, defendant's motion to dismiss is denied and plaintiff's cross-motion is denied as moot.

**I.**

This case arises out of the 2016 termination of Plaintiff Jason Ifill's (Plaintiff) employment as a dump operator for United States Sugar Corporation (U.S. Sugar). According to the Complaint (Doc. #1): In January of 2016, Plaintiff, an African-American,

worked as a dump operator for U.S. Sugar in Clewiston, Florida. (Id. ¶ 18.) In or about January of 2016, Plaintiff complained that T. J. Graham (Graham), Plaintiff's white supervisor, was "gossiping" about Plaintiff's divorce.[1] (Id. ¶ 19.) On January 25, 2016, Graham confronted Plaintiff about his complaint and threatened to have Plaintiff fired if he filed a formal complaint with Human Resources. (Id. ¶¶ 20, 21.) After that confrontation, Plaintiff informed Human Resources about Graham's "intimidating behavior" and expressed to Human Resources that "he did not feel safe around" Graham. (Id. ¶ 22.)

On February 1, 2016, Human Resources requested a meeting with Plaintiff. (Id. ¶ 23.) At the meeting, a group of four white persons, including Graham, questioned Plaintiff "about his divorce, whether he was resigning, and whether he was moving," but did not question Plaintiff about Graham's behavior. (Id. ¶¶ 23, 24.) Human Resources also "informed [Plaintiff] that he was eligible for three weeks of vacation and suggested that he take [the full three weeks]" to de-escalate the situation. (Id. ¶ 25.)

Plaintiff ultimately took the three weeks of vacation. (Id.) While on vacation, Plaintiff "received a letter, dated February 2 . . . informing him that he had been terminated." (Id. ¶ 26.) The letter asserted that Plaintiff was a "no-call, no-show employee

---

[1] It is unclear to the Court as to whom Plaintiff made this "complaint."

2

for three days prior" to the February 1, 2016 meeting. (Id.) On October 27, 2016, Plaintiff filed a Charge of Discrimination against U.S. Sugar with the Equal Employment Opportunity Commission (the EEOC), and on July 25, 2018, the EEOC issued Plaintiff a right-to-sue letter. (Id. ¶¶ 9, 10.) This lawsuit followed.

**II.**

Plaintiff asserts claims against U.S. Sugar for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Count I), race discrimination in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. (Count II), and violation of 42 U.S.C. § 1981 (Count III).[2] (Doc. #1, ¶¶ 28, 34, 36.)

U.S. Sugar now moves to dismiss Count I. Specifically, U.S. Sugar argues that Count I should be dismissed as untimely because Plaintiff failed to file his Complaint within 90 days of receiving his right-to-sue letter from the EEOC. The Court disagrees.

Under Title VII, a complaint must be filed "within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." Williams v. Ga. Dept. of Def. Nat. Guard Headquarters, 147 F. App'x. 134, 136 (11th Cir. 2005). This 90-day limitations period

---

[2] Because this case involves multiple defendants, and since U.S. Sugar has individually filed the instant motion to dismiss, the Court only recounts the claims asserted against U.S. Sugar.

begins to run "only upon actual receipt of the" EEOC right-to-sue letter. Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999)(quotation and citation omitted). Where the actual date of receipt is in dispute, the Eleventh Circuit "applie[s] a presumption of three days for receipt by mail . . . ." Kerr v. McDonald's Corp., 427 F.3d 947, 953 n. 9 (11th Cir. 2005).

Here, U.S. Sugar argues that Count I is time-barred because the right-to-sue letter that the EEOC issued to Plaintiff was dated July 25, 2018, and Plaintiff filed his Complaint 93 days later on October 26, 2018. July 25, 2018 is not the applicable start-date, however, because the 90-day limitation period begins to run when Plaintiff received the letter, not on the date the EEOC mailed it. Zillyette, 179 F.3d at 1339. Moreover, the Complaint does not state when Plaintiff received the right-to-sue letter; it simply alleges that Plaintiff filed the instant action within 90 days of receiving the letter. This general allegation is sufficient for pleading purposes under Federal Rule of Civil Procedure 9(c).

Because the date of receipt is in dispute, the Court applies a three-day presumption of receipt. Kerr, 427 F.3d at 953 n. 9. In doing so, the presumptive date on which Plaintiff received his right-to-sue letter is July 28, 2018, and Plaintiff therefore had until October 26, 2018 to timely file his Title VII claim. Thus, at this early stage of the litigation, the Court finds that Count

I is not time-barred because Plaintiff filed his Complaint on October 26, 2018.

The Court recognizes that Plaintiff appears to concede in his Response that he filed the Complaint 91 days after he received the right-to-sue letter. Plaintiff asserts that, on the last day of the 90-day limitations period, he mistakenly filed the instant Complaint in the Southern District of Florida. Plaintiff states that the Clerk's office in the Southern District of Florida then administratively dismissed the Complaint and terminated the case for filing the Complaint in the wrong district court. Then, on the 91st day (one day late), Plaintiff alleges he filed the Complaint currently before this Court.

In support of his time-line of events, Plaintiff has attached the following exhibits to his Response: declarations by him, his counsel, and his counsel's assistant, and he has also attached an email from the Southern District of Florida Clerk's Office. Plaintiff asserts that these exhibits demonstrate that he initially filed his Complaint – albeit in the wrong district court – within the 90-day limitations period. Plaintiff further asserts that the Clerk's office in the Southern District of Florida improperly terminated his case, and that equitable tolling should therefore permit the untimely filing in this case.

Because the Court's review of a motion to dismiss is generally limited "to a consideration of the pleadings and exhibits attached

thereto," the Court will not consider the attachments to, or the newly alleged facts in, Plaintiff's Response when analyzing the instant motion to dismiss. Kinsey v. MLH Fin. Servs., Inc., 509 F. App'x 852, 853 (11th Cir. 2013). Whether the Clerk's office in the Southern District of Florida improperly terminated Plaintiff's original case, and whether equitable tolling thus applies in this case, requires the Court to consider evidence beyond the scope of the Complaint.[3] Such an analysis is appropriate at summary judgment, not at the motion to dismiss stage.[4]

Thus, for the reasons set forth *supra*, the Court finds that Count I is not time-barred. U.S. Sugar's motion is therefore denied.[5]

---

[3] Particularly, the Court must consider extrinsic evidence to determine why the Clerk's office in the Southern District of Florida terminated Plaintiff's case. See e.g. 42 U.S.C. § 2000e-5(f)(3)(A Title VII "action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed.").

[4] While a plaintiff has the burden of establishing that he filed his complaint within ninety days of receiving the EEOC's right-to-sue letter, courts typically address this issue at summary judgment. See Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002); Zillyette, 179 F.3d at 1339; Kerr, 427 F.3d at 948.

[5] Included within Plaintiff's Response is a Cross Motion for Leave to Transfer. In the cross-motion, Plaintiff requests that, if the Court finds Count I untimely, he be granted leave to transfer his terminated case in the Southern District of Florida to this Court. Because the Court finds Count I is not time-barred as discussed *supra*, Plaintiff's cross-motion is denied as moot.

Accordingly, it is now

**ORDERED:**

1. Defendant's Partial Motion to Dismiss (Doc. #26) is **DENIED**.

2. Plaintiff's Cross Motion for Leave to Transfer (Doc. #31) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of March, 2019.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record