UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON IFILL,

    Plaintiff,

v.　　　　　　　　　　　　　　Case No: 2:18-cv-713-FtM-29UAM

UNITED STATES SUGAR CORP.,
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, Local Lodge 57, T.
J. GRAHAM, individually, and
MARK OSBORN, individually,

    Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #52) filed on March 19, 2019. Plaintiff filed a Response (Doc. #55) on April 3, 2019. For the reasons set forth below, the motion is granted.

**I.**

This case arises out of the 2016 termination of Plaintiff Jason Ifill's (Plaintiff) employment as a dump operator for United States Sugar Corporation (U.S. Sugar). According to the Complaint (Doc. #1): In January of 2016, Plaintiff, an African-American, worked as a dump operator for U.S. Sugar in Clewiston, Florida. (Id. ¶ 18.) In or about January of 2016, Plaintiff complained that T. J. Graham (Graham), Plaintiff's white supervisor, was

"gossiping" about Plaintiff's divorce.[1]  (Id. ¶ 19.)  On January 25, 2016, Graham confronted Plaintiff about his complaint and threatened to have Plaintiff fired if he filed a formal complaint with Human Resources.  (Id. ¶¶ 20, 21.)  After that confrontation, Plaintiff informed Human Resources about Graham's "intimidating behavior" and expressed to Human Resources that "he did not feel safe around" Graham.  (Id. ¶ 22.)

On February 1, 2016, Human Resources requested a meeting with Plaintiff. (Id. ¶ 23.) At the meeting, a group of four white persons questioned Plaintiff "about his divorce, whether he was resigning, and whether he was moving," but did not question Plaintiff about Graham's behavior.  (Id. ¶¶ 23, 24.)  The Local Lodge 57 union steward "passive[ly] participat[ed]" in the meeting.  (Id. ¶ 37.)  Human Resources also "informed [Plaintiff] that he was eligible for three weeks of vacation and suggested that he take [the full three weeks]" to de-escalate the situation. (Id. ¶ 25.)  Plaintiff ultimately took the three weeks of vacation. (Id.)

While on vacation, Plaintiff "received a letter, dated February 2 . . . informing him that he had been terminated." (Id. ¶ 26.) The letter asserted that Plaintiff was a "no-call, no-show employee for three days prior" to the February 1, 2016 meeting

---

[1] It is unclear to the Court as to whom Plaintiff made this "complaint."

2

with Human Resources. (Id.) On December 21, 2016, Plaintiff filed a charge of discrimination against Local Lodge 57 with the Equal Employment Opportunity Commission (the EEOC). (Id. ¶ 9.) This lawsuit followed.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Plaintiff asserts claims against Local Lodge 57 for race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count IV), race discrimination in violation of the Florida Civil Rights Act of 1992 (Count V), and race discrimination pursuant to 42 U.S.C. § 1981 (Count VI).[2] Local Lodge 57 now moves to dismiss these claims because (1) Plaintiff failed to timely exhaust all administrative remedies before filing Counts IV and V; and (2) Plaintiff otherwise failed to state a legally sufficient cause of action against Local Lodge 57.

---

[2] Because this case involves multiple defendants, and since Local Lodge 57 has individually filed the instant Motion to Dismiss, the Court only recounts the claims asserted against Local Lodge 57.

4

## A. Whether Plaintiff Failed to Timely Exhaust Administrative Remedies Before Filing Counts IV and V

Before a plaintiff may file suit under Title VII, he must first exhaust certain administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001)(citation omitted). This process "is initiated by timely filing a charge of discrimination." E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002)(citation omitted). To be timely "in a deferral state such as Florida, [the charge of discrimination] must be filed within 300 days of the last discriminatory act." Id. (citing 42 U.S.C. § 2000e-5(e)(1)). Thus, "only those claims arising within 300 days prior to the filing of the EEOC's discrimination charge are actionable." Id.

Florida law similarly provides that a plaintiff must exhaust his administrative remedies prior to filing suit under the Florida Civil Rights Act of 1992. Davis v. Bob Evans Farms, LLC, 649 F. App'x 869, 871 (11th Cir. 2016). This requires that a plaintiff "first file a complaint with the Florida Commission on Human Relations [] within 365 days of the alleged violation." Id. (citing Fla. Stat. § 760.11(1)).

Here, as to the Florida Civil Rights Act of 1992 claim in Count V, the Complaint does not allege when Plaintiff filed a discrimination charge with the Florida Commission on Human Relations (the FCHR). The Complaint does, however, generally state

5

that "[a]ll other conditions precedent have been satisfied . . . ." (Doc. #1, ¶ 12.) At this stage of the litigation, that allegation is sufficient to satisfy the requirement that Plaintiff must exhaust his administrative remedies prior to filing suit under the Florida Civil Rights Act of 1992. See Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.").

As to Plaintiff's Title VII claim in Count IV, Plaintiff alleges he filed a charge of discrimination against Local Lodge 57 with the EEOC on December 21, 2016.[3] Because Plaintiff filed his discrimination charge with the EEOC more than 300 days after Local Lodge 57's last alleged discriminatory act on February 2, 2016, Count IV does not appear to be actionable. Joe's Stone Crabs, Inc., 296 F.3d at 1271. However, because Plaintiff has alleged that he satisfied all conditions precedent prior to filing his

---

[3] In his Response, Plaintiff asserts his discrimination charge with the EEOC "was actually [filed] October 27, 2016, the date it was signed by the Plaintiff and submitted to the EEOC by email," (Doc. #55, p. 1) and seeks to amend his Complaint by interlineation. See Woodburn v. State of Fla. Dep't of Children & Family Servs., 854 F. Supp. 2d 1184, 1210 (S.D. Fla. 2011)("Subject to the discretion of the court . . . amendment by interlineation is considered permissible, particularly in the case of an amendment of a trivial or formal nature." (citation omitted)). The Court does not find the date on which Plaintiff filed a discrimination charge with the EEOC to be trivial or formal in nature. In any event, Plaintiff's request is denied as moot for the reasons set forth *infra*.

action under the Florida Civil Rights Act of 1992 – which includes filing a charge of discrimination with the FCHR – Plaintiff's FCHR filing may constitute a dual-filing with the EEOC.[4] Whether the evidence will ultimately establish that Plaintiff properly dual-filed his charge of discrimination is more appropriately an issue for summary judgment.

B. **Whether Plaintiff has Plausibly Stated a Claim Against Local Lodge 57**

Local Lodge 57 also argues that Counts IV, V, and VI should be dismissed because Plaintiff has failed to plausibly state a cause of action against Local Lodge 57. The Court agrees.

Plaintiff asserts in Counts IV, V, and VI that Local Lodge 57 discriminated against Plaintiff by (1) "tacitly encouraging racial harassment . . . in the February 1 meeting at which U.S. Sugar was pushing [Plaintiff] to resign"; and (2) "refus[ing] to accede to [Plaintiff's] request to process a grievance asserting that [Plaintiff's] termination was" racially motivated and "unjustified." (Doc. #1, ¶ 37.)

---

[4] Dual-filing "is the process by which a charge of discrimination filed with one agency is deemed filed with the other agency." Thompson v. Orange Lake Country Club, Inc., 224 F. Supp. 2d 1368, 1374 (M.D. Fla. 2002). To determine whether a discrimination charge is properly dual-filed, the Court must "look to the EEOC–FCHR worksharing agreement" to determine whether such a charge "constitute[s] a simultaneous filing . . . ." Maynard v. Pneumatic Prod. Corp., 256 F.3d 1259, 1263 (11th Cir. 2001)(citations omitted).

7

The Florida Civil Rights Act of 1992 "is patterned after Title VII [and is] analyzed using the same framework as Title VII claims and Title VII precedent." Thompson v. Baptist Hosp. of Miami, Inc., 279 F. App'x 884, 888 n.5 (11th Cir. 2008)(citation omitted). Similarly, claims arising under Title VII and Section 1981 "have the same requirements of proof and use the same analytical framework . . . ." Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998). Accordingly, the Court will analyze Counts IV, V, and VI together in accordance with Title VII principles.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII "[e]mployment discrimination claims [] require proof of discriminatory intent." Trask v. Sec'y, Dep't of Veterans Affairs, 822 F.3d 1179, 1191 (11th Cir. 2016)(citation omitted). Where no direct evidence of discriminatory intent exists, establishing a prima facie case in a Title VII wrongful termination case requires a plaintiff to show that "[]he is a member of a protected class, that []he suffered an adverse employment action, and that []he was qualified for the job in question, but also that []he was treated less favorably than 'similarly situated' individuals outside h[is]

class." Lewis v. City of Union City, Georgia, 918 F.3d 1213, 1224 (11th Cir. 2019).

A plaintiff "is not required to plead a prima facie case of discrimination in order to survive dismissal." McCone v. Pitney Bowes, Inc., 582 F. App'x 798, 801 n.4 (11th Cir. 2014). Nonetheless, the claim must be facially plausible; that is, the claim must "provide enough factual matter (taken as true) to suggest intentional race discrimination." Jacobs v. Biando, 592 F. App'x 838, 840 (11th Cir. 2014)(citation and quotation omitted).

Here, the Court finds that Plaintiff's claims in Counts IV, V, and VI against Local Lodge 57 are facially implausible because Plaintiff alleges no facts "suggest[ing] intentional race discrimination" attributable to Local Lodge 57. Id. Aside from conclusory allegations that Local Lodge 57 "refus[ed] to accede to [Plaintiff's] request to process a grievance" because of Plaintiff's race and that Local Lodge 57 "tacitly encourage[d] racial harassment," Plaintiff alleges no facts plausibly indicating that Local Lodge 57's actions were racially motivated. See Iqbal, 556 U.S. at 679 (Bald legal conclusions "are not entitled to [an] assumption of truth.").[5] (Doc. #1, ¶ 37.) Local Lodge 57's motion is therefore granted.

---

[5] In his Response, Plaintiff asserts that Graham stated to Plaintiff, "If you ask for an H.R. hearing I'll have your black ass fired." (Doc. #55, p. 3.) That factual allegation, however, is not asserted in the Complaint and thus has no bearing on the

9

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #52) is **GRANTED**.

2. Counts IV, V, and VI against International Association of Machinists and Aerospace Workers, Local Lodge 57 are **dismissed without prejudice**.

3. Plaintiff may file an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this  13th  day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

Court's analysis of the instant Motion to Dismiss. See Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000)(When considering a motion to dismiss, a court "limits its consideration to the pleadings and exhibits attached thereto." (citation and quotation omitted)).