UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON IFILL,

    Plaintiff,

v.                                          Case No:   2:18-cv-713-FtM-29NPM

INTERNATIONAL ASSOCIATION
OF MACHINISTS AND
AEROSPACE WORKERS, Local
Lodge 57 and MARK OSBORN,
individually,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Order to Show Cause, entered on September 30, 2019. (Doc. 81). The Order to Show Cause required Plaintiff Jason Ifill to show good cause in writing why this action should not be dismissed for failure to appear at a hearing when required and for failure to prosecute. The Court cautioned Plaintiff that if he did not respond to the Order to Show Cause, the Court would recommend that this action be dismissed. Plaintiff did not respond to the Order to Show Cause and, thus, the Court recommends that this action be dismissed for failure to prosecute. A brief background and procedural history follow.

On June 27, 2019, Plaintiff filed an Amended Complaint alleging race discrimination under Title VII and the Florida Civil Rights Act against Defendants United States Sugar Corp. ("U.S. Sugar"), International Association of Machinists and Aerospace Workers, Local Lodge 57 ("Local 57"), T.J. Graham, and Mark Osborn. (Doc. 58). Plaintiff alleges that he worked as a dump operator for U.S. Sugar and Defendant Graham

was his supervisor.  (*Id.*, p. 6, ¶¶ 18-19).  He further alleges that while employed with U.S. Sugar, he was a member of Local 57 and Osborn was his union steward.  Plaintiff claims that "the termination of a black man shortly after his assertive, but non-violent response to a white supervisor's aggressive, threatening and racially tinged behavior directed as Mr. Ifill's 'black ass' gives rise to an inference of race discrimination."  (*Id.*, p. 7 ¶ 27).  Thus, the thrust of the Amended Complaint relates to the actions of a U.S. Sugar employee.

Procedurally, Defendants Graham and U.S. Sugar filed Answers and Affirmative Defenses.  (Docs. 59, 64).  Local 57 filed a Motion to Dismiss that remains pending, and Plaintiff has apparently failed to serve Osborn with process.  (Doc. 61).  Plaintiff's counsel, William Amlong, Karen Amlong, and Barbara Goolsby filed a motion to withdraw and a motion to extend the deadline to respond to the motion to dismiss until after the issues related to Plaintiff's counsel are resolved.  (Docs. 70, 71).  And in the meantime, with respect to U.S. Sugar and Graham, Plaintiff filed a Notice of Voluntary Dismissal (Doc. 72).  With U.S. Sugar and Graham stipulating to the dismissal, the Court dismissed U.S. Sugar and Graham with prejudice.  (Doc. 75).

That left only Local 57 and Defendant Osborn in the lawsuit.  The Court set a hearing on September 26, 2019, concerning Plaintiff counsels' motion to withdraw and the failure to serve Osborn with process.  (Doc. 77).  The Court required – among other things – that Plaintiff appear in person for the hearing and that Plaintiff's counsel send a copy of the Order and Notice of Hearing by U.S. mail and email to Plaintiff.  (*Id.*, pp. 2-3).  The Court cautioned Plaintiff that if he failed to appear for the hearing, "the Court will consider this non-appearance as a failure to prosecute this action and may recommend

that this action be dismissed for failure to prosecute." (*Id.* at 3). Plaintiff's counsel filed a Notice of Service and Compliance with the Order, indicating that counsel emailed and sent a copy of the Order and Notice to Plaintiff. (Doc. 83).[1]

Based on Plaintiff's failure to appear, the Court entered an Order to Show Cause. (Doc. 81). The Court explained again that by not appearing at the hearing, Plaintiff is not diligently prosecuting his case. The Court afforded Plaintiff—who remains represented by three lawyers at two law firms—an opportunity to show good cause in writing by October 18, 2019, as to why this action should not be dismissed for failure to appear and for failure to prosecute. (*Id.*, p. 2). Plaintiff's counsel filed a notice of service of the Order to Show Cause on Plaintiff. (Doc. 82). Plaintiff did not respond to the Order to Show Cause.

Pursuant to Local Rule 3.10, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. R. 3.10. By failing to appear and failing to respond to court orders, Ifill has not shown that he is diligently prosecuting his case. Therefore, the Court recommends that this action be dismissed for lack of prosecution.

Accordingly, it is respectfully **RECOMMENDED**:

(1)   This action be dismissed for lack of prosecution.

---

[1] Although not pertinent to the issues here, the Court required one of Plaintiff's counsel to appear in person and the remaining counsel to appear by telephone for the hearing. (Doc. 77, pp. 2-3). Plaintiff's counsel did not appear. The Court entered a separate Order to Show Cause on September 30, 2019, directed to Plaintiff's counsel. (Doc. 80). Plaintiff's counsel filed a Response (Doc. 89).

(2)  That all motions and deadlines be terminated.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 5, 2019.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties